IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID FRAIRE,

    Plaintiff,                                No. CIV S-11-1981 DAD P

    vs.

SAN QUENTIN STATE PRISON
MEDICAL STAFF, et al.,

    Defendants.                           <u>ORDER</u>

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. He has not paid the filing fee or filed a request to proceed in forma pauperis.

        The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        In this case, none of the named defendants reside in this district. Moreover, the claim alleged in plaintiff's complaint arose at San Quentin State Prison in Marin County, which

1

1  is located in the Northern District of California.  Therefore, plaintiff's complaint should have
2  been filed in the United States District Court for the Northern District of California.  In the
3  interest of justice, a federal court may transfer a complaint filed in the wrong district to the
4  correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.
5  1974).
6         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
7  United States District Court for the Northern District of California.
8  DATED: August 2, 2011.

*[Signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
frai1981.21